CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 29 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONELL J. BLOUNT, SR., | ) | CASE NO. 7:12CV00400 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| LINDA STANLEY, LPN, et al., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

Donell J. Blount, Sr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant, Linda Stanley, LPN, violated his constitutional rights by falsifying his medical record at Red Onion State Prison in January of 2011, which delayed his being scheduled to see a doctor about his stomach problems. The matter is now ripe on summary judgment. Upon review of the record, the court finds that Defendant Stanley is entitled to qualified immunity and will grant her motion for summary judgment on this ground.

## Background

Blount is an inmate at Red Onion State Prison. In 2001, after Blount complained of repeated bouts of severe heartburn and stomach pain, doctors diagnosed him with Gastroesophageal Reflex Disease, also known as GERD.[1] Since that time, prison doctors have continually treated Blount with medication of one brand or another, at different doses. Under Red Onion policies, if Blount believes his medication is not alleviating his symptoms sufficiently and wishes to see the doctor about a change in prescription or dosage, he must file a sick call

---

[1] For purposes of this summary judgment opinion, the court summarizes the facts in the light most favorable to Blount as the nonmovant. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (finding that on summary judgment, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party").

request and have a nurse perform a sick call assessment of his condition in order to determine whether or not to refer him to the doctor.

In December of 2010, Blount was taking a prescribed morning dose of Prevacid for his GERD symptoms. After he began to experience "bad heartburn, stomach and throat pain" at night and some nausea, Blount filed a request form on December 30, 2010, asking to have his GERD medication renewed and "to discuss continued complications" he was having with his "stomach and throat." Blount Affid. ¶ 6-7. Nurse Yates responded that he had been scheduled for sick call. On January 5, 2011, during the morning pill pass, Nurse Stanley gave Blount his medication. That same day, Nurse Cox came to Blount's cell and performed a sick call physical exam, videotaped by a security officer. She took Blount's vital signs, noted his complaints about recent problems with his stomach and throat and his belief that his medication should be increased to two times per day, and examined a bump on his knee. Nurse Cox indicated that she would refer Blount to see the doctor about a medication change and would order Tylenol for his knee pain. On January 7, 2011, a nurse noted that Blount's Prevacid prescription had been renewed at the same dosage, but no doctor examined him.

On January 14, 2011, Blount asked Nurse Cox during pill pass why he had not yet been seen by a doctor. Nurse Cox told him to ask Nurse Stanley, who said she did not know. Blount filed an informal complaint on January 17, 2011, complaining that he had not seen a doctor about increasing his medication, despite Nurse Cox's assurance on January 5, 2011, that she would refer him, and he was still suffering the "same complications." Blount Affid. ¶ 11. On January 21, 2011, Nurse Yates responded that Blount was scheduled for sick call. Blount filed a grievance, asserting that he should not be required to undergo (and be charged for) another sick call visit, when a Nurse Cox had already assessed him on January 5 and promised to refer him to

the doctor. The warden ruled Blount's grievance unfounded, based on indications in the medical records that Nurse Stanley had assessed him on January 5, 2011, and had not noted any referral to see the doctor. Blount's grievance appeal was rejected for the same reason.

Blount obtained a copy of his medical records and discovered that Nurse Stanley, rather than Nurse Cox, had completed the sick call report for the January 5, 2011 assessment. Nurse Stanley's note stated that Blount had asked to have his stomach medication renewed, complained about headaches, and received an order for Tylenol. Nurse Stanley's sick call note did not indicate that Blount had asked for a medication increase or that he should be referred to see the doctor.[2]

Blount states that from January to April of 2011, his GERD symptoms worsened. Although he verbally told various nurses about these symptoms, they did not refer him to the doctor. Ultimately, Nurse Stanley assessed Blount for sick call on April 5, 2011, and referred him to see the doctor. Blount alleges that, by this time, he "was suffering with severe heart burn, stomach and throat pain; difficult eating, digesting and keeping [his] food down for hours during the day." Blount Affid. ¶ 19. On April 19, 2011, the doctor examined Blount for his stomach complaints and allegedly told him that he should have been referred to a doctor in January. Blount states, "The doctor, and I, decided that a change in prescriptions to Protonix would promote healing." Blount Affid. ¶ 19.

---

[2] In March of 2011, Blount filed a complaint to the Virginia Department of Health Professionals ("VDHP"), asserting that Nurse Stanley had falsified the January 5, 2011 sick call report by documenting physical assessments of him that she never made. Nurse Stanley ultimately entered into a consent order with Virginia Board of Nursing, admitting that, on January 5, 2011, she had "documented performing a physical evaluation and assessment of an inmate [which] she did not actually complete. . . ." Blount Affid. Ex. 3. The Board noted a reprimand on Stanley's record.

3

Blount filed this § 1983 action for monetary damages against Nurse Stanley and Jane Doe, the unknown nurse who told Nurse Stanley incorrect information about the sick call assessment on January 5, 2011.[3] Defendant Stanley filed a motion for summary judgment, and Blount has responded to the motion, making the matter ripe for disposition.

## Discussion

"Qualified immunity protects officers who commit constitutional violations but who, in light of clearly established law, could reasonably believe that their actions were lawful." Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (citing Saucier v. Katz, 533 U.S. 194, 206 (2001), overruled in part by Pearson v. Callahan, 555 U.S. 223 (2009)). Qualified immunity involves a two-step inquiry: (a) whether the plaintiff's allegations state a claim that defendants' conduct violated a constitutional or statutory right; and if so, (b) whether that right was clearly established. Saucier, 533 U.S. at 206. If the court determines that the facts alleged, taken in the light most favorable to the nonmovant, do not show that the officer's conduct violated a constitutional right, then the movant is entitled to summary judgment without further discussion. Id. at 201. Under the first facet of the Saucier analysis, the court inquires whether the complaint and attachments allege "enough facts to state a [constitutional] claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (internal quotations omitted). The court must construe the facts in the light most favorable to the plaintiff, but "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Id. (internal quotations omitted).

---

[3] In response to Blount's discovery request seeking the identity of Jane Doe, Nurse Stanley indicated that, other than Nurse Cox, she is not aware of any other individual being involved in the nursing evaluation of Blount on January 5, 2011. (ECF No. 26.) Nurse Stanley also certified to the court that Red Onion has no existing video footage of the pill pass visit or the sick call assessment performed on Blount on January 5, 2011. (ECF No. 31.) Finding that the identity of Jane Doe was not material to the disposition of Nurse Stanley's motion for summary judgment, the court denied Blount's requests for additional discovery on this issue.

4

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). An inmate claiming that his course of medical treatment amounted to a constitutional violation must show that personnel to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-106 (1976). A sufficiently serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008), and a prison official is "deliberately indifferent" only if he "knows of and disregards [or responds unreasonably to] an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). An official's intentional act or omission that merely delays an inmate's access to necessary medical care may state a constitutional claim only if plaintiff shows that the defendant's conduct resulted in substantial harm to the patient. Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008) (noting that such substantial harm caused by delay in treatment would be "evidenced by . . . a marked increase in" the symptoms complained of or their severity) (citing Sealock v. Colorado, 218 F.3d 1205, 1210 (10th Cir. 2000) and other cases).

Taking Blount's allegations in the light most favorable to him, the court finds that Blount has not stated facts on which he could support any plausible constitutional claim against Nurse Stanley. Without a nurse's referral to the doctor in the January 5 assessment note, prison policy required the medical staff to perform another sick call assessment on Blount before scheduling him to see the doctor. By January 21, 2011, Nurse Yates had scheduled Blount for that required sick call, in response to his January 17 informal complaint, which complained of the "same

complications" as described to Nurse Cox on January 5. Blount Affid. ¶ 11. If Blount had undergone this newly scheduled sick call assessment, he could have been referred before the end of the month to see the doctor about those "complications." Thus, the court finds from Blount's allegations that Nurse Stanley's "falsified" assessment note delayed his visit to the doctor by just over two weeks, at the most, during which time his symptoms remained the same.

From this point on, Blount's own choices delayed the desired visit to the doctor. Blount refused the sick call request scheduled for him on January 21, 2011. Instead, Blount opted to purse a grievance and then an appeal, complaining that he should not have to undergo and be charged for another sick call before seeing the doctor, when Nurse Cox had already assessed him on January 5 and referred him to the doctor. Between January 21 and April 19, 2011, Blount chose to concentrate his efforts on proving the inaccuracy of Nurse Stanley's assessment notes rather than seeking medical care, through the required channels, for his allegedly worsening GERD symptoms. Nurse Stanley cannot be held liable under § 1983 for delays that resulted from Blount's own conduct, namely, his choice to fight the medical copay instead of immediately following the procedures required for referral to the doctor.

Moreover, Blount's allegations do not support a reasonable inference that he had a serious medical need for an increase or change in his medication. Blount admits that he received his Prevacid medication as prescribed from January through April and, since his diagnosis in 2001, his symptoms and dosage needs have routinely fluctuated. Between January 5 and 17, the only symptoms he complained of were heartburn and stomach and throat pain at night. Even as his symptoms allegedly worsened after that point, for two months, Blount continued to refuse, or failed to request, another sick call assessment as necessary for referral to the doctor and the possibility of a medication change. Blount's perceived need for a medication change, available

through a renewed sick call request, was apparently outweighed by his desire to avoid a copay charge and to prove Nurse Stanley's falsification of the medical note. This behavior indicates that Blount's GERD condition was not serious enough to motivate him to seek prompt treatment from a doctor by any available means.

For these reasons, the court concludes that Blount does not forecast facts supporting a plausible constitutional claim against Nurse Stanley under Estelle and Webb, supra. His allegations do not support a reasonable inference that, during the brief period when Nurse Stanley's conduct delayed his ability to see a doctor about a medication change, he suffered substantial harm as a result of that delay, or that he had a sufficiently serious medical need for a medication change at any time between January 21 and the beginning of April, 2011. Therefore, under the first facet of the Saucier analysis, Defendant Stanley is entitled to qualified immunity. The court will grant her motion for summary judgment on that ground and dismiss Blount's claim against her with prejudice.

The court will also dismiss Blount's claims against Jane Doe without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). Under this section, the court can dismiss an inmate's complaint against an "officer or employee of a governmental entity" upon finding that the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." For the same reasons that Blount's allegations fail to state a claim against Nurse Stanley, they also fail to state any actionable constitutional claim against Jane Doe.

## Conclusion

Having found that Blount's contentions fail to state a claim that Nurse Stanley's conduct violated a constitutional or statutory right, the court will grant the motion for summary judgment on the ground of qualified immunity and will dismiss Blount's claim against Nurse Stanley with

prejudice. On the same ground, under § 1915A(b)(1), the court will also dismiss without prejudice Blount's claim against Jane Doe. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 29th day of January, 2014.

/s/ Jon Conrad
Chief United States District Judge